[Cite as *Najsztup v. Ford Motor Co.*, 2018-Ohio-3265.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

CHRISTOPHER NAJSZTUP

    Appellant

    v.

FORD MOTOR COMPANY

    Appellee

C.A. No.    28548

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2015 06 3367

DECISION AND JOURNAL ENTRY

Dated: August 15, 2018

HENSAL, Presiding Judge.

{¶1}    Plaintiff-Appellant, Christopher Najsztup, appeals from the judgment of the Summit County Court of Common Pleas.  We affirm.

I.

{¶2}    Christopher Najsztup purchased a brand new Ford truck in 2014.  Within the first year of his ownership, Mr. Najsztup experienced problems with the truck's fuel system, which an authorized Ford dealership was ultimately unable to fix.  As a result, Mr. Najsztup sought to have Ford repurchase the truck through Ford's mandatory arbitration process, which is administered by the Better Business Bureau Auto Line ("BBB").

{¶3}    The matter proceeded to a hearing before an arbitrator.  According the BBB Auto Line Program Summary, the arbitrator had the authority to address warranty claims (i.e., claims "based on a defect in the vehicle's factory-supplied material or workmanship covered by the applicable Ford U.S. New Vehicle Limited Warranty") and to award remedies related thereto.

At the hearing, Mr. Najsztup presented evidence related to the problems he experienced with the truck, the accessories he had installed on it, as well as the attorney's fees he had incurred in pursuing the repurchase. The arbitrator ultimately determined that the truck was a "lemon[,]" and that Mr. Najsztup was entitled to have Ford repurchase it. The arbitrator's written decision did not expressly address the monies Mr. Najsztup expended for accessories to the truck, or the attorney's fees he had incurred.

{¶4} While the arbitrator's decision was binding on Ford, Mr. Najsztup had the opportunity to accept or reject the decision. Mr. Najsztup accepted the decision, which included an acknowledgment that he understood that he "g[a]ve up any right to sue [Ford] in court on any claim that ha[d] been resolved at the arbitration hearing * * *." After accepting the arbitration award, Mr. Najsztup sued Ford, asserting claims for: (1) breach of warranty; (2) violation of Ohio's Lemon Law; (3) violation of the Magnuson-Moss Warranty Act; (4) violation of the Consumer Sales Practices Act; (5) fraud; and (6) declaratory relief. He also asked the trial court to confirm part of the arbitration award. Ford moved to dismiss the complaint, which the trial court granted with respect to the fraud claim, but denied with respect to the other claims.

{¶5} Months later, Ford moved for summary judgment on Mr. Najsztup's remaining claims. Relying on the language contained in the "ACCEPTANCE OR REJECTION OF DECISION" form that Mr. Najsztup signed, Ford argued that Mr. Najsztup released any outstanding claims against Ford when he accepted the arbitration award. In support of its position, Ford relied upon the Ohio Supreme Court's decision in *Maitland v. Ford Motor Co.*, wherein the Court addressed the preclusive effect on claims brought after an arbitration proceeding, holding that "[a] valid compromise and settlement bars all right of recovery on the previously existing claim[,]" and that the "[t]he previously existing claim is extinguished by the

compromise and settlement and, as a result, any subsequent litigation based upon it is barred." 103 Ohio St.3d 463, 2004-Ohio-5717, ¶ 20, quoting *Globe Metallurgical, Inc. v. Hewlett–Packard Co.*, 953 F.Supp. 876, 881 (S.D.Ohio 1996).

**{¶6}** Ford also argued that the cover letter to Mr. Najsztup's arbitration award advised him to inform the BBB if he disputed any of the amounts outlined on Ford's statement of amounts, and/or to inform the BBB if he believed he was entitled to additional amounts. Ford asserted that Mr. Najsztup never disputed the amounts he received, nor did he ask the BBB to award him additional amounts.

**{¶7}** In response, Mr. Najsztup argued that the arbitration award had a preclusive effect only on the claims that the arbitrator actually decided. He argued that, since the arbitrator did not render a decision with respect to accessory costs or attorney's fees, he was not precluded from pursuing those claims in subsequent litigation. He, therefore, distinguished his claims from those at issue in *Maitland* on the basis that, unlike in *Maitland*, the arbitrator never resolved his claims that were the subject of the underlying litigation (i.e., his claims for accessory costs and attorney's fees). In support of his position, Mr. Najsztup relied upon the Eighth District's decision in *City of Cleveland v. Assn. of Cleveland Firefighters, Local 93*, wherein the court held that "[a]n arbitration award has the same preclusive effect as a court judgment for the matters it decided[,]" and that it "does not preclude subsequent litigation for issues which might have been decided but were not." 20 Ohio App.3d 249, 254 (8th Dist.1984).

**{¶8}** The trial court granted summary judgment in favor of Ford, finding that Mr. Najsztup waived his right to attorney's fees and accessory costs when he accepted the arbitration award. In doing so, the trial court acknowledged that the arbitrator did not make an express determination as to attorney's fees or accessory costs. It, however, noted that Mr. Najsztup had

two avenues to pursue his claims for attorney's fees and accessory costs: (1) accept the arbitration decision and follow the procedural requirements within the arbitration process to dispute those amounts; or (2) reject the decision and pursue litigation.

{¶9} Regarding the first option, the trial court stated that, pursuant to both the arbitration decision and its cover letter, Mr. Najsztup "could have filed a written request with the BBB Auto Line to have the arbitrator specifically decide the remedies of attorney fees and accessories since those fees were not included in Ford's statement. He did not file such a request." Given Mr. Najsztup's failure to follow the appropriate procedural process, the trial court determined that his "failure to dispute Ford's repurchase statement as it pertained to attorney fees and accessory costs constitutes a waiver for such remedies to his lemon law claim and renders them resolved."

{¶10} Regarding the second option, the trial court noted that Mr. Najsztup could have rejected the arbitrator's decision and pursued his claims for attorney's fees and accessory costs in court. It held, however, that by accepting the decision, Mr. Najsztup waived his right to do so. In reaching this conclusion, the trial court noted that Mr. Najsztup's claims for attorney's fees and accessory costs were derivative of his warranty claim, which the arbitrator resolved in his favor.

{¶11} Mr. Najsztup now appeals the trial court's decision, raising two assignments of error for our review.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BY HOLDING THAT MR. NAJSZTUP HAD WAIVED HIS CLAIMS FOR ATTORNEY FEES AND ACCESSORIES, WHEN MR. NAJSZTUP IS NOT PRECLUDED FROM PURSUING SUBSEQUENT LITIGATION ON CLAIMS

PRESENTED, BUT NOT RESOLVED IN AN EARLIER ARBITRATION PROCEEDING.

{¶12} In his first assignment of error, Mr. Najsztup argues that the trial court erred by granting summary judgment in favor of Ford on the basis that he waived his claims for attorney's fees and accessory costs. We disagree.

{¶13} There is no dispute that Mr. Najsztup accepted the arbitration decision and acknowledged that he "g[a]ve up any right to sue [Ford] in court on any claim that had been resolved[.]" Mr. Najsztup argues, however, that the arbitrator never resolved his claims for attorney's fees and accessory costs. In support of his position, Mr. Najsztup relies upon the Eighth District's decision in *Assn. of Cleveland Firefighters, Local 93*. As previously noted, the Eighth District held that "[a]n arbitration award has the same preclusive effect as a court judgment for the matters it decided[,] and that "[o]rdinarily, an arbitration decision does not preclude subsequent litigation for issues which might have been decided but were not." *Assn. of Cleveland Fire Fighters, Local 93*, 20 Ohio App.3d at 254.

{¶14} Here, Mr. Najsztup's claims for attorney's fees and accessory costs were not issues that "might have been decided but were not." *Id.* As the trial court noted, Mr. Najsztup's claims for attorney's fees and accessory costs were derivative of his warranty claim, which the arbitrator resolved in his favor. By accepting the arbitrator's resolution of his warranty claim, Mr. Najsztup waived his right to pursue those claims in court. Had he rejected the arbitrator's decision, he could have "pursue[d] other legal remedies under state or federal law[.]"

{¶15} We, therefore, agree with the trial court that Mr. Najsztup – having accepted the arbitration decision – waived his right to pursue his claims for attorney's fees and accessory costs in court. Accordingly, Mr. Najsztup's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT ON GROUNDS THAT WERE NOT SPECIFICALLY DELINEATED BY FORD MOTOR COMPANY IN THEIR MOTION FOR SUMMARY JUDGMENT, AND WERE NOT PROPERLY RAISED BY FORD MOTOR COMPANY.

{¶16} In his second assignment of error, Mr. Najsztup argues that the trial court erred when it determined that he waived his right to pursue his claims for attorney's fees and accessory costs because he failed to exhaust all administrative remedies. He argues that Ford did not raise the affirmative defense of failure to exhaust administrative remedies in its answer or in its motion to dismiss, nor did it specifically raise it in its motion for summary judgment. He argues that, even if the language of Ford's motion for summary judgment can be construed as raising Mr. Najsztup's alleged failure to exhaust administrative remedies, the trial court erred by considering an affirmative defense that Ford failed to timely raise.

{¶17} In its answer, Ford asserted the following affirmative defenses, among others: "[Mr. Najsztup's] claims are barred by his prior Arbitration and award[;]" and "[Mr. Najsztup's] claims are barred by his prior release of claims." The arguments Ford asserted in its motion for summary judgment are entirely consistent with these affirmative defenses. Furthermore, a review of the trial court's order indicates that it based its decision on these bases. Indeed, nowhere in its decision does the trial court mention "failure to exhaust administrative remedies." We, therefore, reject Mr. Najsztup's argument. Accordingly, Mr. Najsztup's second assignment of error is overruled.

III.

{¶18} Christopher Najsztup's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, J.
CONCURS.

CARR. J.
CONCURRING IN JUDGMENT ONLY.

{¶19} I concur in the majority's judgment. Based upon Mr. Najsztup's limited arguments on appeal, he has not demonstrated that the trial court erred in awarding summary judgment to Ford. Mr. Najsztup admitted that he presented his requests for attorney fees and damages associated with the accessories to the arbitrator as part of the proceedings to resolve his

warranty dispute, thereby implicitly acknowledging that those damages were connected to the warranty claim. The arbitrator resolved the warranty dispute and Mr. Najsztup accepted the award. By accepting the award, Mr. Najsztup gave up his right to pursue the claims that were resolved by the arbitrator. *See Maitland v. Ford Motor Company,* 103 Ohio St.3d 463, 2004-Ohio-5717, ¶ 20. Contrary to Mr. Najsztup's argument, his requests for attorney fees and damages for the accessories were not independent claims that were not resolved, they were damages flowing from Mr. Najsztup's warranty claim, which was resolved in arbitration. Thus, in light of Mr. Najsztup's argument on appeal, he has not demonstrated the trial court erred in granting summary judgment to Ford.

APPEARANCES:

MATTHEW L. RIZZI, JR., Attorney at Law, for Appellant.

JEREMIAH J. WOOD, Attorney at Law, for Appellee.

PAUL D. HUDSON, Attorney at Law, for Appellee.